**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )</br>)</br>V.              )</br>)</br>ANTONIO CERVANTES-CANO )  | CASE NO: 2:06-cr-117-WKW |

**MOTION TO SUPPRESS ALL INFORMATION
AND STATEMENTS MADE BY DEFENDANT**

The Defendant, Antonio Cervantes-Cano ("Mr. Cervantes"), by and through undersigned counsel and pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, as well as the Fourth, Fifth and Sixth Amendments to the United States Constitution, respectfully moves the Court for an Order prohibiting the government from introducing in this matter, all information and statements obtained from the Defendant on November 6, 2005 and April 20, 2006 and thereafter, obtained as a result of or as "fruit" of Mr. Cervantes' arrest, search and/or interrogations on November 6, 2005 and April 20, 2006.

**Facts**

In support of these motions, the Defendant would show that police reports furnished to defense counsel by the Government indicate and allege the following:

1.      Mr. Cervantes-Cano is approximately thirty-two years of age, is a native from the southern part of Mexico. He has had no formal education in any country. Mr. Cervantes-Cano is unable to read or write in any language. He is not fluent in Spanish and cannot speak English.

1

2.	Mr. Cervantes-Cano's native language is Mixteco, one of the sixty-two indigenous languages of Mexico. The Mixtecan language "family" is large and diverse, includes three main groups of languages, and has such diversity that people from towns that are more than a day's walk apart usually cannot understand each other's form of Mixtec. One reason for this is that various sound changes have affected different parts of the Mixtec region. Another reason is that languages in the Mixtecan family are tonal, which means that the pitch with which a word is pronounced is so important that a change in the pitch can change one word into an entirely different one. The normal word order in Mixtecan languages is Verb - Subject - Object, so Mixtecan does not easily translate into and is not interchangeable with a Romance language.

3.	On November 6, 2005, Montgomery Police Officers responded to a complaint that a Hispanic man, dressed is all black clothing, was firing a gun on the 3100 block of Moorecroft Drive in Montgomery, Alabama.

4.	On information and belief, Mr. Cervantes-Cano was approached by police officers while inside his own home, was seized and searched.

5.	A pat down search of Mr. Cervantes-Cano resulted in the discovery of a Rossi .38 caliber revolver in his pocket.

6.	Mr. Cervantes-Cano was charged with state law violations of carrying a firearm without a gun license and was taken to the Montgomery City Jail. He later was released, on a cash bond of $500.

7.     Thereafter, multiple court hearings were set and rescheduled in the Montgomery City Court, on the state firearms license charge. Mr. Cervantes-Cano attended each of those hearings and did not request any of the continuances.

8.     On April 20, 2006, while Mr. Cervantes-Cano was attending yet another hearing on the state law violation, he was approached by state and federal law enforcement officers, seized and interrogated. Although Mr. Cervantes-Cano's wife informed the officers that he did not understand English or Spanish, no appropriate translator was provided.

9.     Although the police obtained a Spanish-language rights waiver form which purports to contain Mr. Cervantes' signature, Mr. Cervantes-Cano in fact could not and did not understand the content of the form.

10.    During his interrogation by police officers, Mr. Cervantes-Cano allegedly made inculpatory statements regarding his citizen status, his entry into the United States, and is possession of a firearm.

12.    Although aware of Mr. Cervantes-Cano's Mexican citizenship, the authorities detaining him failed to notify the Mexican consulate of his arrest and failed to notify Mr. Cervantes-Cano of his right of access to the Mexican consulate, in violation of Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77

13.    The present one-count indictment, charging Mr. Cervantes-Cano with possession of a firearm by an illegal alien in violation of 18 U.S.C. §922 (g)(5)(A), was filed on May 2, 2006.

**Grounds for Suppression**

14. The information obtained is due to be suppressed because:

    a. The initial detention and search of Mr. Cervantes-Cano was without warrant or probable cause, in violation of the Fourth Amendment right to be free from unreasonable seizures and searches;

    b. The interrogation of Mr. Cervantes-Cano violated his rights under the Fifth and Sixth Amendments to be free of coercive interrogation.

    c. The interrogation of Mr. Cervantes-Cano did not result from a knowing or voluntary waiver of his rights to silence and to counsel, under the Fifth and Sixth Amendments.

    d. Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, requires that foreign nationals be informed of their right to contact their consulate upon arrest.

    e. The interrogation of Mr. Cervantes-Cano was the fruit of violations of the Fourth Amendment, including the above described events.

**Law**

15. Under the Fourth Amendment, an individual has the right to be free from unreasonable searches and seizures. Seizures occur "whenever a police officer accosts an individual and restrains his freedom to walk away." *U.S. v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). Even where a temporary detention may itself be justified, the detention related

to the stop may not be prolonged or continued without circumstances which are legally sufficient to justify the seizure under the Fourth Amendment.  *U.S. v. Pruitt*, 174 F.3d 1215 (11th Cir. 1999).

16.	When making a determination as to whether the circumstances of a seizure meet the Fourth Amendment, the court must look at the "totality of the circumstances," of the individual case.  *U.S. v. Arvizu*, 534 U.S. 266, 273 (2002).   "(S)earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment--subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967), quoted in *Coolidge v. New Hampshire*,  403 U.S. 443, 454 - 455, 91 S.Ct. 2022, 2032, 29 L.E.2d 564 (1971).

17.	A defendant whose physical location is controlled by the police is in custody. *U.S. v. Grant*, 920 F.2d 376, 382 (6th Cir. 1991).  Where a defendant has been interrogated while in custody, the prosecution may not use statements stemming from that interrogation "unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612 (1966).

18.	The prosecutor carries the burden to prove by a preponderance of the evidence that a valid waiver was obtained. *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).  The government must show (1) "that the waiver was made in full awareness of the nature of the

right being waived and the consequences of waiving," and (2) "that the waiver was voluntary in the sense that it was a product of free and deliberate choice rather than intimidation, coercion, or deception" based upon the totality of the circumstances. *United States v. Hernandez*, 93 F.3d 1493, 1501 (10th Cir.1996) (citing *Colorado v. Connelly*, 479 U.S. 157, 169- 70 (1986)).

19. In addition, the government may not use statements obtained involuntarily from a defendant. Physically "coercive factors, such as physical abuse or threats of physical violence, need not be present to support a determination of involuntariness." *Wainwright v. LaSalle*, 414 F.2d 1235, 1239 (5th Cir. 1969). In analyzing whether a defendant's will was overborne by the circumstances surrounding the giving of a confession, this Court must review the totality of the circumstances of the interrogation. *Dickerson v. United States*, 530 U.S. 428, 434, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (internal quotations and citation omitted). 18 U.S.C. § 3501(b) requires that the following factors be considered:

> (1) [T]he time elapsing between arrest and arraignment of the defendant making the confession, ... (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b).

20. In the case of a foreign national, the voluntariness inquiry also includes

assessment of the following factors: (1) whether the defendant signed a written waiver; (2) whether he was read his rights in his native language; (3) whether he appeared to understand those rights; (4) whether he had the assistance of a translator; (5) whether his rights were explained painstakingly; and, (6) whether he had experience with the American criminal justice system. *United States v. Garibay*, 143 F.3d 534, 536 - 538 (9th Cir.1998). Where a defendant was given incorrect or misleading information about the effect of a waiver, or was given incomplete information about the charges against him, the waiver is not adequate to permit use of the resulting statements. *U.S. v. Martinez*, 486 F.2d 15, 19 (5th Cir. 1973).

21. Further, Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, requires that foreign nationals be informed of their right to contact their consulate upon arrest. Where, as in this case, such information was not provided, there is further support for a finding that the defendant did not voluntarily waive his rights to silence or to counsel. In this case, the evidence will show that Mr. Cervantes-Cano was not provided adequate explanation of his rights to silence or counsel and did not understand those rights.

22. "Under the exclusionary rule, evidence obtained in an encounter that is in violation of the Fourth Amendment, including the direct products of police misconduct and evidence derived from the illegal conduct, or 'fruit of the poisonous tree,' cannot be used in a criminal trial against the victim of the illegal search and seizure. *U.S. v. Perkins,* 348 F.3d 965, 969 (11th Cir. 2003). The exclusionary rule principally serves "to deter future unlawful police conduct." *United States v. Calandra*, 414 U.S. 338, 347, 94 S.Ct. 613, 619,

38 L.Ed.2d 561 (1974). "[T]he rule is a judicially created remedy designed to safeguard Fourth Amendment rights through its deterrent effect . . . ." Id. at 348, 94 S.Ct. at 620. Thus, the rule must be applied in light of its deterrent purpose. "Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure. *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 1081 (1961). This prohibition applies as well to the fruits of the illegally seized evidence. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)." *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974).

23.    Under these circumstances, this Court should grant this motion to suppress. Any information obtained from or as a fruit of such seizure and interrogation was the product of illegal conduct. This information includes, but is not limited to:

(a)    the firearm seized on November 6, 2005;

(b)    any and all statements made by Mr. Cervantes-Cano, including his statements regarding citizenship and entry into the United States;

©    any and all evidence obtained as a result or "fruit" of any such seizures or statements.

**WHEREFORE**, the defendant respectfully prays that this Motion be granted.

Respectfully submitted,

s/ Christine A. Freeman
**CHRISTINE A. FREEMAN**

        Counsel for Mr. Cervantes-Cano
        FEDERAL DEFENDERS
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: Christine_Freeman@fd.org
        TN Bar Code: 11892

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    K. David Cooke, Esq.
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, Alabama 36104

        s/ Christine A. Freeman
        **CHRISTINE A. FREEMAN**
        Counsel for Mr. Cervantes-Cano
        FEDERAL DEFENDERS
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: Christine_Freeman@fd.org
        TN Bar Code: 11892